IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LEE BURNS,<br><br>    Plaintiff,<br><br>vs.<br><br>KERN COUNTY SHERIFFS, et al,<br><br>    Defendants. | Case No. 1:12-cv-001564-LJO-JLT  (PC)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(Doc. 9) |

    On November 1, 2012, Plaintiff filed a letter the Court construes as a motion seeking the appointment of counsel.  (Doc. 9).  For the reasons set forth below, Plaintiff's motion to appoint counsel is **DENIED**.

    Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

    Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  First, although Plaintiff unequivocally requests an attorney in aid of his attempted 42 USC §1983 action (Doc. 9 at 2), it appears throughout the remainder of Plaintiff's filing that his request for counsel concerns only issues of California law in a matter currently pending before a California court. (Doc. 9 at 4-5, 8-9).  Appointment of counsel by this Court is thus inappropriate.  Furthermore, even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 7, 2012**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

2