IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LEE BURNS,<br><br>   Plaintiff,<br><br>vs.<br><br>KERN COUNTY SHERIFFS, et al,<br><br>   Defendants. | Case No. 1:12-cv-01564 LJO JLT (PC)<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>(Doc. 11) |

    Plaintiff Eddie Lee Burns, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  On October 15, 2012, the Court dismissed Plaintiff's First Amended Complaint and granted him 21 days to file an amended complaint. (Doc. 7).

    Instead of filing an Amended Complaint as the Court ordered, Plaintiff filed a letter requesting the appointment of counsel on November 1, 2012.  (Doc. 9).  Finding no exceptional circumstances, the Court denied Plaintiff's request on November 7, 2012.  (Doc. 10).  Plaintiff's Amended Complaint was due to be filed by November 7, 2012.  On November 16, 2012, the Court issued an Order To Show Cause Why the Action Should Not Be Dismissed For Failure To

Prosecute. (Doc. 11).

The Court's November 16, 2012 Order to Show Cause instructed Plaintiff to do the following within 14 days of the Court's order: 1) to show cause in writing why this action should not be dismissed for failure to prosecute or follow the Court's order or 2) to file an Amended Complaint curing the deficiencies identified by the Court in its October 15, 2012 order.  (Id.) Despite the Court's order, Plaintiff failed to respond to the Order to Show Cause or to file an Amended Complaint.  For the reasons set forth below, the Court dismisses Plaintiff's Complaint for failure to prosecute his Complaint and failure to comply with the Court's orders.

I. **Discussion and Analysis**

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson,

779 F.2d at 1423-24; *see also* Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See* Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure prosecute the action and file an Amended Complaint to the Court as ordered. Further, the factors in favor of dismissal outweigh the policy favoring disposition of cases on their merits.

In its October 15, 2012, and November 16, 2012 orders, the Court warned Plaintiff that if he failed to comply with the orders, the Court would dismiss the action. (Doc. 7 at 6 and Doc. 11 at 16). Since Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders, the requirement that the Court consider less drastic measures than dismissal of the action is satisfied. Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d at 1424. Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

Accordingly, IT IS HEREBY ORDERED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and obey the Court's October 15, 2012 and November 16, 2012 orders; and

/ / /

/ / /

/ / /

/ / /

/ / /

2. The Clerk of Court shall close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

    Dated: **December 3, 2012**                  **/s/ Lawrence J. O'Neill**
                                                            UNITED STATES DISTRICT JUDGE